

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7459 | **DATE** | 9/30/2003 |
| **CASE TITLE** | Cytomedix, Inc. vs. Bennett, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss or transfer or in the alternative to compel (10-1 & 3) is denied in part and granted in part. The motion to dismiss is denied. Counts I- IV are transferred to the United States District Court for the Western District of Arkansas, Hot Springs Division, and counts V and VI are referred to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | SEP 3 0 2003 | | |
| | Notified counsel by telephone. | | date docketed | | 16 |
| | Docketing to mail notices. | | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | 9/30/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYTOMEDIX, INC., )
)
       Plaintiff, )
)
v. )   No. 02 C 7459
)
KEITH G. BENNETT, an individual, )
BENNETT MEDICAL, LLC, BENNETT )
WOUND THERAPY CENTERS OF )
ARKANSAS, LLC (d/b/a BENNETT )
WOUND THERAPY CENTER AND BENNETT )
WOUND THERAPY CLINIC), )
)
       Defendants. )

DOCKETED
SEP 30 2003

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cytomedix, Inc. ("Cytomedix") initiated bankruptcy proceedings in this district under Chapter 11. As part of those proceedings, defendants Keith G. Bennett, Bennett Medical, and Bennett Wound Therapy Centers of Arkansas (collectively "Bennett") filed claims as creditors of Cytomedix. Cytomedix objected to those claims and filed counterclaims against Bennett. Pursuant to Fed. R. Bankr. P. 3007, Cytomedix refiled its objections and counterclaims as an adversary proceeding.[1] Count I of its complaint alleges breach of contract, counts II and III allege patent infringement, count IV alleges unfair competition, and counts V and VI object to Bennett's claims as creditors. Bennett

---

[1] Fed. R. Bankr. P. 3007 states: "If an objection to a claim joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding."

16

moved to withdraw the reference pursuant to 28 U.S.C. § 157(d), which I granted as unopposed. Bennett now files a motion to dismiss, to transfer, or to compel arbitration. I deny the motion to dismiss, transfer counts I-IV to the Western District of Arkansas, and refer counts V and VI back to the bankruptcy court.

I.

Dr. Bennett resides in Arkansas. Bennett Medical is a limited liability company organized under Arkansas law and whose principal place of business is in Arkansas. Bennett Wound Therapy Centers also maintains its principal place of business in Arkansas. Cytomedix does not allege any connection between any defendant and Illinois. Defendants argue that they do not have minimum contacts with Illinois sufficient for me to exercise personal jurisdiction over them.

Bankruptcy Rule 7004(d) provides for nationwide service of process. Part VII of the bankruptcy rules (which includes Rule 7004) applies to all adversary proceedings, regardless of whether they transpire in bankruptcy or district court. *Diamond Mortgage Corp. v. Sugar*, 913 F.2d 1233, 1241 (7th Cir. 1990). When a district court exercising subject matter jurisdiction under 28 U.S.C. § 1334 seeks to assert personal jurisdiction over a defendant under the nationwide service provision of Rule 7004(d), the relevant constitutional inquiry is a Fifth Amendment due process inquiry into minimum contacts with the United States as a

whole, not a Fourteenth Amendment inquiry into minimum contacts with the forum state. *Id.* at 1244. Defendants here, all residents of or located in Arkansas, have sufficient minimum contacts with the United States such that exercising personal jurisdiction over them is constitutional. *See id.*

II.

Defendants also argue that venue is improper in this court, and move for transfer to the Western District of Arkansas. A corporate defendant in a patent infringement case is subject to venue anywhere it is subject to personal jurisdiction. 28 U.S.C. § 1391(c); 28 U.S.C. § 1400(b); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990) (stating that the two venue statutes should be read together for corporate parties); *Braden Shielding Systems v. Shielding Dynamics of Texas*, 812 F. Supp. 819, 821 (N.D. Ill. 1992) (Aspen, J.). However, an individual defendant in a patent infringement case is only subject to venue "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *VE Holding Corp.*, 917 F.2d at 1580 fn. 17 (noting that individual defendants are still subject to the venue test of § 1400(b)); *Braden*, 812 F. Supp. at 822 fn. 3. As Cytomedix has named both individual and corporate defendants in its lawsuit, both statutes must be satisfied with respect to venue.

Under § 1400(b), venue would be proper for Dr. Keith Bennett in the Western District of Arkansas as the district where either "the defendant resides" or "the defendant has committed acts of infringement and has a regular and established place of business." Venue in the Northern District of Illinois would not be proper with respect to Dr. Bennett under either prong of this test. Dr. Keith Bennett resides in Hot Springs, Arkansas. The interactions between Cytomedix and the defendants that gave rise to the alleged patent infringements took place in Arkansas. Cytomedix makes no allegation of any connection with Illinois on the part of Dr. Keith Bennett other than the bankruptcy proceedings. Even though the corporate defendants are subject to personal jurisdiction in Illinois, and therefore also subject to venue, venue cannot be proper for all defendants in the Northern District of Illinois.

Cytomedix argues, citing *General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. 430 (1932), that defendants cannot use section 1400(b) to object to venue in this district because Cytomedix's patent claims were raised by way of counterclaims to defendants' claims in bankruptcy court. In *General Electric*, New York plaintiffs sued Ohio defendants for patent infringement in the Northern District of Ohio. Defendants counterclaimed, raising patent infringement claims of their own. Plaintiffs argued that the patent venue statute barred the counterclaims because defendants failed to allege that plaintiffs resided in Ohio or that

4

they infringed defendants' patent and had a regular place of business there. The Court rejected plaintiffs' argument, noting that the patent venue statute gave alleged infringers a privilege with respect to the places in which patent suits could be brought against them, but the privilege could be waived. By suing defendants for infringement in Ohio, plaintiffs had waived their right to be free from infringement counterclaims asserted against them in that forum. *Id.* at 204 ("The setting up of a counterclaim against one already in the court of his own choosing is very different, in respect to venue, from hailing [sic] him into that court. [The patent venue statute] applies only to the latter, and we find no warrant for a construction that would make it include the former.").

Here, however, we do not have a situation where Bennett haled Cytomedix into court in this district. Cytomedix initiated the bankruptcy proceedings here. While defendants did bring claims against Cytomedix in the bankruptcy court, it was ultimately Cytomedix, not Bennett, who chose this forum. Bennett's filing of creditor claims against Cytomedix in the bankruptcy court did not waive their privilege not to be sued for patent infringement outside the venue provided for in section 1400(b). As Cytomedix has failed to allege that Dr. Keith Bennett, the individual defendant, is either a resident of Illinois or committed acts of infringement and has a regular place of business here, venue in

5

this district is improper under section 1440(b). 28 U.S.C. § 1406(a) permits me, in the interest of justice, to transfer claims lacking proper venue to any district in which they could have originally been brought. As Dr. Keith Bennett resides and has his principal place of business in Hot Springs, Arkansas, and acts of infringement are alleged to have occurred there, the patent claims could have properly been brought against him in the Western District of Arkansas under § 1400(b). Venue is also proper under § 1391(c) with respect to the corporate defendants.[2] Accordingly, plaintiff's patent claims, counts II and III of its complaint, are transferred to that district pursuant to § 1406(a).

Additionally, I find that because counts II and III must be transferred to the Western District of Arkansas, and because counts I and IV (the breach of contract and unfair competition counts) involve substantially the same factual allegations, those counts must also be transferred to Arkansas pursuant to 28 U.S.C. § 1404.[3] *See, e.g., Lighting Sys., Inc. v. Int'l Merch. Assocs., Inc.*, 464 F. Supp. 601, 606 (W.D. Pa. 1979) (holding that it would be

---

[2] Defendants do not contest personal jurisdiction in Arkansas, as Dr. Keith Bennett resides in Arkansas, Bennett Medical is incorporated in Arkansas and both corporations have their principal places of business there.

[3] Because count I, the breach of contract claim for which defendants seek an order compelling arbitration, is being transferred to the Western District of Arkansas, it is appropriate for that court to decide whether to compel arbitration as sought by defendants.

"absurd" and "intolerable judicial inefficiency" for a court to sever a patent infringement claim and transfer it to the proper district while at the same time retaining claims for which venue was proper when those claims involved largely the same issues, documentation, witnesses, and evidentiary matters as the infringement claim); *Network Sys. Corp. v. Masstor Sys. Corp.*, 612 F. Supp. 438, 440-41 (D. Minn. 1984) (adopting the reasoning and holding of *Lighting Systems*); *Ball Corp. v. Weirton Steel Corp.*, No. 86 C 5425, 1986 WL 13761, at *4 (N.D. Ill. Nov. 28, 1986) (Kocoras, J.) ("Because the patent infringement claim against Weirton must be transferred, judicial economy would be served by transferring the [other] counts against Weirton as well.") (citing *Lighting Systems*).

### III.

The only remaining counts of the complaint are counts V and VI, which state objections to the claims filed by defendants in the bankruptcy proceedings. As allowance or disallowance of claims against a debtor are "core proceedings" under 28 U.S.C. § 157(b)(2)(B), and the transfer of counts I-IV obviates the need for withdrawal under 28 U.S.C. § 157(d), I refer these counts back to the bankruptcy court for resolution.

### IV.

Defendants' motion to dismiss is DENIED. Defendants' motion to transfer, however, is GRANTED with respect to counts I-IV of

7

plaintiffs' complaint, which are hereby TRANSFERRED to the Western District of Arkansas. Counts V and VI are REFERRED to the bankruptcy court for resolution.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: September 30, 2003